IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH L. CONVERSE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-1283
CRIM. NO. 2:18-CR-29
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 34.) This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court on its own motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, it is **RECOMMENDED** that the Motion be **DENIED** and this action be **DISMISSED.**

## PROCEDURAL HISTORY

On February 15, 2018, Petitioner pleaded guilty pursuant to the terms of his negotiated Plea Agreement to attempted coercion or enticement of a minor, in violation of 18 U.S.C. § 2422(b). (ECF Nos. 15, 19.) Under the terms of his Plea Agreement, Petitioner agreed to waive his right to appeal or to collaterally attack his conviction, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (*Plea Agreement*, ECF No. 15, PAGEID # 25.) On June 28, 2018, the Court sentenced Petitioner to a term of 188 months imprisonment, to be followed by fifteen years supervised release. (*Judgment*, ECF No. 28.)

On March 9, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 34.) He asserts that he was denied the effective assistance of counsel because his attorney failed to object to the calculation of his criminal history score under the advisory United States Sentencing Guidelines (claims one and four); and that his attorney performed in a constitutionally inadequate manner during pre-trial negotiations by providing improper advice and failing to object to the waiver of Petitioner's right to appeal (claims two and three). However, this action is time-barred.

## STATUTE OF LIMITATIONS

A one-year statute of limitations applies to the filing of federal habeas corpus petitions. 28 U.S.C. § 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A federal district court may *sua sponte* consider the timeliness of a § 2255 motion, so long as the Court provides fair notice to the parties and an opportunity to respond. *Shelton v. United States,* 800 F.3d 292, 293-94 (6 th Cir. 2015) (citing *Day v. McDonough*, 547 U.S. 198 (2006)).

Petitioner did not file an appeal after the Court entered Judgment on July 3, 2018. Therefore, his conviction became final under § 2255(f)(1) in July 2018, that is, when the time period expired to file an appeal. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004) (holding that one-year statute of limitations period for filing motion to vacate began to run, with respect to federal defendant who did not seek a direct appeal of conviction, ten days after entry of judgment of conviction). The statute of limitations expired one year later in July 2019. Petitioner waited more than seven months, until March 2, 2020, to execute his § 2255 petition. (ECF No. 34, PAGEID # 103.) Further, the record does not reflect grounds for equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a petitioner is entitled to equitable tolling if he has diligently pursued his rights and some extraordinary circumstance stood in his way and prevented his timely filing) (citation omitted).

## DISPOSITION

**WHEREUPON**, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED** and this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE