IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH L. CONVERSE,

      CASE NO. 2:20-CV-1283
  Petitioner,      CRIM. NO. 2:18-CR-29
      JUDGE EDMUND A. SARGUS, JR.
  v.      Chief Magistrate Judge Elizabeth P. Deavers

UNITED STATES OF AMERICA,

  Respondent.

## ORDER

On March 12, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts recommending that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 34) be dismissed as time-barred. (ECF No. 35.)  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 38.)

Petitioner objects to the dismissal of this action as time-barred. He argues that "tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined." *McKinney* v. *United States*, 208 F.2d 844, 847 (C.A.D.C. 1953).  However, *McKinney*, referred to by Petitioner, was decided in 1953, prior to the Antiterrorism and Effective Death Penalty Act of 1996, which imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2255(f). Moreover, as discussed by the Magistrate Judge, this action plainly is time-barred. Petitioner does not dispute that determination.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 38) is **OVERRULED**. The Report and

Recommendation (ECF No. 35) is **ADOPTED** and **AFFIRMED**.  The Motion to Vacate under 28 U.S.C. 2255 (ECF No. 34) is **DENIED.**

  Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

  Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The

court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that Petitioner has established that reasonable jurists would debate the dismissal of this action as time-barred.  The Court therefore **DECLINES** to issue a certificate of appealability**.**

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be denied.

**IT IS SO ORDERED.**

**4/17/2020**                                                                         *s*/Edmund A. Sargus, Jr.
**Date**                                                                                **EDMUND A. SARGUS, JR.**
                                                                                              **UNITED STATES DISTRICT JUDGE**